IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE § | | |
| COMPANY OF NEW YORK, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:20-CV-3140-S-BH | |
| § | | |
| SPEAR SERVICES, LLC, § | | |
|     Defendant. § | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference filed November 11, 2020, before the Court is *Plaintiff's Motion for Default Judgment*, filed November 10, 2020 (doc. 8). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

On August 31, 2020, the plaintiff filed this suit for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and Chapter 37 of the Texas Civil Practice against the defendant. (*See* doc. 1.)  A summons was issued for the defendant on September 1, 2020, and the plaintiff served it on September 3, 2020. (*See* docs. 4, 5.)  The defendant has not appeared, and the plaintiff now moves for default judgment against it. (*See* doc. 8.)

**II.  ANALYSIS**

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. *See* Fed. R. Civ. P. 55.  There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise." *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply

to the clerk or the court for a default judgment after an entry of default. *See* Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, the plaintiff moves for default judgment but there has been no entry of default. "Without a prior entry of default, a party has no basis to seek a default judgment." *Coleman v. FEMA*, No. 3:18-CV-3408-M-BH, 2019 WL 2124897, at *1 (N.D. Tex. Apr. 9, 2019). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)). "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).

Because no default has been entered, entry of default judgment is not warranted. *See Balderas v. Nguyen*, No. 3:19-CV-2826-D, 2020 WL 2495889, at *3 (N.D. Tex. May 14, 2020) (denying motion for default judgment because, among other reasons, plaintiffs did not first move for clerk's entry of default); *Steele v. Unicon Grp.*, No. 3:19-CV-1679-N-BH, 2019 WL 4919027, at *2 (N.D. Tex. Sept. 5, 2019), *adopted by* 2019 WL 4918258 (N.D. Tex. Oct. 4, 2019) (same). Accordingly, the motion for default judgment should be denied.

### III.  RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 8th day of April, 2021.

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE