IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE § <br> COMPANY OF NEW YORK, § <br> Plaintiff, § <br> § | | |
| v. § | Civil Action No. 3:20-CV-3140-S-BH | |
| § | | |
| SPEAR SERVICES, LLC, § <br> Defendant. § | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By electronic order of reference filed April 20, 2021 (doc. 14), before the Court is *Plaintiff's Second Motion for Default Judgment*, filed April 9, 2021 (doc. 13). Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

Great American Insurance Company of New York (Plaintiff) brings this declaratory action to determine its obligation under a contract of insurance with Spear Services, LLC (Defendant). (doc. 1.) Plaintiff issued Defendant an insurance policy, effective from July 1, 2016 through July 1, 2017 (the Policy), that provides coverage for, among other things, loss to contractor's equipment. (docs. 1 at 2; 1-1 at 23-27.) The Policy includes the following condition:

> **C. Legal Action Against Us**
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. there has been full compliance with all the terms of this Coverage Part; and
>
> 2. The action is brought within two years and one day from the date the cause of action first accrues. A cause of action accrues on the date of the initial breach of our contractual duties as alleged in the action.

(doc. 1-1 at 21, 36.)

On December 26, 2017, boring and drilling equipment that Defendant leased from Propulsion Technologies, Inc., and Paragon Facilities Corporation (collectively Lessor) was reported stolen to the

Johnson County Sheriff's Department in Johnson County, Texas. (docs. 1 at 2-3; 1-2 at 22-26.) The following day, Plaintiff acknowledged receipt of Defendant's claim of loss, assigning it claim number A00136709. (doc. 1 at 3.) On March 12, 2018, Plaintiff's counsel sent Defendant a letter requesting its owner to submit to an examination under oath, and indicating that certain documents may need to be produced at the examination. (docs. 1 at 3; 1-3.) On April 25, 2018, Plaintiff's counsel emailed the owner to schedule the examination and identify the documents to be produced. (docs. 1 at 3; 1-4.)

On May 24, 2018, counsel for Defendant sent a letter to Plaintiff's counsel (Letter), stating that Plaintiff had been investigating the claim for nearly five months but had refused Defendant's requests to "state its position with respect to the claim, or identify what specific issues or items are holding up resolution." (doc. 1-5 at 2.) The Letter stated that Plaintiff had requested an "unrestricted and open-ended deposition" of Defendant's owner, but had "refused to identify the general areas of inquiry in the examination, for what purpose the deposition is needed, or identify a single specific issue that is unclear to [it] or in dispute." (*Id.*) It contended that Plaintiff's "extreme delay in processing this claim—including its refusal to provide basic information related the claim and respond to [Defendant's] inquiries—as well as its belated attempt to generally peruse [Defendant's] files and depose its principal for no apparent or articulated purpose, constitute[d] a breach of the insurance contract, the Texas Insurance Code, and the Texas Deceptive Trade Practices and Consumer Protections Act." (*Id.*) It concluded that if Plaintiff identifies "specific claim information" it needed to finalize the claim and "specific issues that [it] would like to address with [Defendant's owner] that relate to the claim," Defendant would provide that information and respond to those issues or "set up an examination on those claim related topics." (*Id.* at 2-3.) Defendant ultimately "refused the request for documents or an examination under oath." (doc. 1 at 4.)

On December 23, 2019, Plaintiff and Defendant were sued by Lessor in Louisiana state court

for its losses in connection with the stolen equipment. (doc. 1-6 at 6-9.)

On August 31, 2020, Plaintiff filed this suit for declaratory relief under the federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and Chapter 37 of the Texas Civil Practice against Defendant. (doc.1) It requests an order declaring that "more than 2 years and one day have elapsed since [Defendant] alleged [Plaintiff's] breach of contract on May 24, 2018;" that any action under the Policy "is time barred because [Defendant] has not brought an action within 2 years and one day of when it first alleged [Plaintiff's] breach of contract;" and that Plaintiff "is excused from any legal liability for any damage or loss to the leased equipment that is the subject of Claim Number A00136709." (*Id.* at 5.) A summons was issued for Defendant on September 1, 2020, and Plaintiff served it on September 3, 2020. (*See* docs. 4, 5.) After Defendant failed to answer or respond to the complaint, Plaintiff sought entry of default on April 9, 2021, and it was entered that same day. (*See* docs. 11-12.) It now moves for default judgment. (*See* doc. 13.)

## II.  MOTION FOR DEFAULT JUDGMENT

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendant has failed to plead or otherwise defend, and Plaintiff has obtained an entry of default on it, the first two requisites for a default judgment have been met. (docs. 11-12.) Remaining for determination is whether a default judgment is warranted.

"'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

**A.**     **Procedurally Warranted**

Courts consider numerous factors in deciding whether to grant a motion for default judgment.

4

10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus., Ltd.*, 2004 WL 733844, at *11 (same).

Plaintiff seeks declaratory judgment that Defendant's "claims under the Policy or arising under Texas law are time barred pursuant to the policy's contractual limitations period." (doc. 1 at 2, 4-5.) It attaches copies of the Policy, its correspondence to Defendant, the Letter, the Sheriff's report, and the Lessor's petition to its complaint in support of its requested relief. (*See* docs. 1-1–1-6.)

Under the first factor, Plaintiff is not seeking monetary damages, but declaratory relief. (*See* doc. 1 at 4-5.) Regarding the second factor, there are no material issues of fact in dispute, since Defendant has failed to file any responsive pleadings in this case. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment

is not unusually harsh under these facts given that Defendant has received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893; *see also J & J Sports Prods.*, 126 F. Supp. 3d at 814 ("Defendants' failure to respond to Plaintiff's Complaint or otherwise appear in this case for the past ten months 'mitigat[es] the harshness of a default judgment.'") (citations omitted). The seventh, eighth, and ninth factors similarly favor default judgment because Defendant has not offered any evidence that its failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. *See Lindsey*, 161 F.3d at 893

Because Defendant was properly served in this action and failed to answer or otherwise defend itself, the grounds for default judgment are clearly established. (*See* docs. 5, 11-12.) Accordingly, default judgment is procedurally warranted.

**B.   Sufficient Factual Basis**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015). Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12

in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Here, Plaintiff seeks a declaration from the Court that "more than 2 years and one day have elapsed since [Defendant] alleged [Plaintiff's] breach of contract on May 24, 2018;" that any action under the Policy "is time barred because [Defendant] has not brought an action within 2 years and one day of when it first alleged [Plaintiff's] breach of contract;" and that Plaintiff "is excused from any legal liability for any damage or loss to the leased equipment that is the subject of Claim Number A00136709." (doc. 1 at 4-5.)

The federal Declaratory Judgment Act (Act) provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 3:08-CV-165-D, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (citations and quotations omitted). The Act is an authorization and not a command, and allows federal courts broad, but not unfettered, discretion to grant or refuse declaratory judgment. *Id.*

Under Texas law,[1] "the statute of limitations for the breach of an insurance contract action is

---

[1] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Here, the Policy cites Texas law, and the incident giving rise to coverage under the Policy arose in whole or in part in Texas. (*See* docs. 1; 1-1); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1413 (5th Cir. 1995) (quoting *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984)) ("[T]he law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."); *see also Faloona by Fredickson v. Hustler Magazine, Inc.*, 799 F.2d 1000, 1003 (5th Cir. 1986) (citing *Duncan*, 665 S.W.2d at 421) (contacts to take into account in determining the applicable law include the place of contracting and place of

four years from the day the cause of action accrues." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011) (citing Tex. Civ. Prac. & Rem.Code § 16.051). "However, the parties may contractually agree to shorten the limitations period for a breach of contract claim so long as the agreement does not limit the time in which to bring suit to a period shorter than two years." *Abedinia v. Lighthouse Prop. Ins. Co.*, No. 12-20-00183-CV, 2021 WL 4898456, at *2 (Tex. App.—Tyler Oct. 20, 2021, pet. filed) (citing *id.* § 16.070(a)). "[C]laims for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code must be brought within two years after the cause of action accrues." *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 407 (5th Cir. 2016).

"As a general rule, a cause of action accrues and the statute of limitations begins to run when facts come into existence that authorize a party to seek a judicial remedy." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003). A cause of action generally accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later." *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996). "Generally, in first-party insurance cases such as this one, 'limitations begin to run on the date coverage is denied.'" *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 311 (5th Cir. 2019) (quoting *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 373 (5th Cir. 2011)); *see Knott*, 128 S.W.3d at 221 ("A plaintiff's cause of action under the Texas Insurance Code for unfair claims settlement practices ... accrues on the date that the insurer denies coverage. ... [A] plaintiff's cause of action for bad-faith breach of a first-party insurance contract accrues at the time the insurer denies the insured's claim.") (citations omitted). "Accrual of a cause of action arising from denial of an insurance claim can be triggered by either (1) the issuance of a written notice of denial, or (2) in the absence of

---

performance); *Escalon v. World Group Sec., Inc.*, No. 5:07-CV-214-C, 2008 WL 5572823, at *8 (N.D. Tex. Nov. 14, 2008) (citing *Lockheed*, 16 S.W.3d at 133-34) ("Under Texas law, the buying and selling corporations' purchase agreement's choice of law provision controls the applicability of successor liability doctrines."). Further, the parties do not dispute that Texas law applies.

a written notice of denial, the insurer's closure of the claim." *Rodriguez v. State Farm Lloyds*, No. 5:17-CV-161, 2018 WL 3966270, at *2 (S.D. Tex. Aug. 17, 2018) (citing *De Jongh*, 664 F. App'x at 408-09).

Plaintiff attached to its complaint copies of the Policy and the Letter. (*See* docs. 1; 1-1; 1-5.) The Policy states that a breach of contract action must be brought within two years and one day from the date of the initial breach of Plaintiff's contractual duties. (*See* doc. 1-1 at 21, 36.) The Letter, dated May 24, 2018, is from Defendant's counsel and contends that Plaintiff's actions in processing the claim "constitute a breach of the insurance contract, the Texas Insurance Code, and the Texas Deceptive Trade Practices and Consumer Protections Act." (doc. 1-5 at 2.) Plaintiff alleges that any action under the Policy is time-barred because Defendant has not brought an action within the limitations period, but it fails to allege when, if ever, coverage was denied, or when Defendant's claim was closed. *See Smith*, 932 F.3d at 311; *Knott*, 128 S.W.3d at 221; *see also Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 111 (Tex. App.—Texarkana 1997, no writ) ("Courts have generally held that when a policy states that the limitation period begins to run when the insured's cause of action accrues, the pivotal point in time is when liability is denied by the insurer."). The response from Defendant's counsel on May 24, 2018, is not an "objectively verifiable event that unambiguously demonstrated" a coverage determination to start the limitations period to run. *See Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App.—San Antonio 2001, no pet.) (en banc). Because there are no allegations that more than two years and one day have elapsed since Plaintiff either denied coverage under the Policy or closed Defendant's claim, there is not a sufficient basis in the pleadings for the judgment requested by Plaintiff. *See Knott*, 128 S.W.3d at 221. Accordingly, the motion for default judgment should be denied.

### III. RECOMMENDATION

The plaintiff's motion for default judgment should be **DENIED**.

**SO RECOMMENDED** on this 11th day of March, 2022.

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE